ARTHUR EISELE, Plaintiff and Appellant, *v.* CARMEN ORCASITAS, Defendant and Appellee.

No. 565. Decided March 26, 1962.

*José T. Marrero Rivera* for appellant. *Jorge Benítez Gautier* for appellee.

Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, pro-tempore, Mr. Justice Santana Becerra and Mr. Justice Blanco Lugo.

PER CURIAM.

This appeal involves the same judgment which in another aspect we affirmed on January 8, 1962, in appeal *564* taken by the landlady, 84 P.R.R. 347. In the latter the tenant sought review of that portion of the judgment in which the trial court concluded that: "More than one year having elapsed since the last overcharge was paid, at the time the complaint was filed, the cause of action for treble damages has prescribed; otherwise stated, it has extinguished." The court held that the one-year period for filing the action of treble damages is a substantive period and is not susceptible of interruption by an extrajudicial claim.

Section 8(*a*) of the Reasonable Rents Act, Act No. 464 of April 25, 1946 (Sess. Laws, p. 1326; 17 L.P.R.A. § 188 (a) (1961 ed.)), as amended, makes it the duty of the landlord to return to the tenant any rent charged in excess of the maximum rent within 30 days following the request therefor made by the tenant or by the Administrator, and if those 30 days elapse without the landlord making reimbursement, the tenant may file an action against the landlord for three times the sum of the reimbursement. Section 8(*d*). Subdivision (*h*) of § 8 *supra* provides that actions for the treble damages thus authorized may be filed within the year following the date on which the overcharge was paid, or the date on which the Administrator orders a reduction in the rent, including reimbursement to the tenant, as the case may be. The second aspect is not involved herein.

■ According to the facts stipulated, the landlady collected an overcharge of $22 monthly from September 1, 1953 until August 31, 1955. On January 23, 1956, the tenant filed a complaint with the Economic Stabilization Administration against such rents. On April 14, 1956, the tenant

requested directly from the landlady reimbursement of the amount paid in excess.

■ The action in court was filed on December 22, 1956, claiming payment of treble damages covering the 24 monthly payments in which the excess was paid. On the filing date of the complaint 3 years, 3 months, and 22 days had elapsed from the time the first overcharge was paid, and 1 year, 3 months, and 22 days since the payment of the last overcharge. The tenant maintains, however, that he interrupted the period because on January 23, 1956 he filed a complaint with the Administrator against those rents, and on April 14 he requested the landlady for their reimbursement. Had there been an interruption at law, it would have interrupted at the most the one-year period as to the overcharges paid within the 12 months immediately preceding December 22, 1956, the filing date of the complaint, not as to all the other overcharges collected. Furthermore, if the year had been interrupted by the request made by the tenant on April 14, it would not have affected the action for treble damages since by law such request refers to the *refund* of the excess. The fact that § 8 in its subdivisions (*a*) and (*d*) prescribes such prerequisite for the purpose of bringing judicial action, does not alter the provisions of subd. (*h*) as respects the time for filing the action for treble damages. We already held in *appeal 564* that the one-year period provided by subd. (*h*) does not apply to a claim for the mere refund of the excess paid.

■ At law, we agree with the trial court that the one-year period provided by subd. (*h*) of § 8 does not admit of extrajudicial interruption. That period refers to a special cause of action of punitive nature, as we explained in *Peñagarícano* v. *Superior Court; Nadal, Int.*, 81 P.R.R. 849, and in subsequent cases, granted by the lawmaker with the requirement that it only be filed within one year following the payment of the overcharge involved therein. The ques-

tion concerns a period of extinguishment of a substantive right, not the usual prescription period of a judicial action which admits the acts of interruption thereof provided by the Civil Code.

██ Extinctive prescription, as expounded by SANTA-MARÍA,[1] "is the institute where, by virtue of a legal presumption of abandonment, derived from the lapse of a fixed period without asserting a right, the action asserting such right is deemed to be extinguished." Further on, comparing the prescription with the extinguishment he says:

"The extinguishment or abandonment of the rights should not be confused with prescription, although in certain instances it may be difficult to establish a pure distinction between them.

"The extinguishment takes place, says CASTÁN (1,860) in terms analogous with COVIELLO (535), when the law or the will of the parties have agreed on a fixed period for the duration of a right which shall not be asserted after the expiration of such period. The distinguishing criterion between both institutes, prescription and abandonment, is not too clear, says BARASSI (647), but it may be said that where the law has provided that a particular act, which represents the exercise of a right, be performed within a given period, such period is the starting point of the extinguishment of the right in the caducity, as distinguished from prescription, in which the starting point is the fact of the failure to exercise the right.

"Once the right is timely asserted, extinguishment is prevented, but the party may lose it afterwards by prescription if the exercise thereof is interrupted during the time necessary therefor. (MESSINEO, 1, 195.)

"As respects its efficacy, the decadence, contrarily to what has been said above in connection with prescription, must be deemed ex officio judicis, for it constitutes a negative premise of the right; and it is not interrupted because it is not based on the presumption of abandonment of the right.

"The prescription and the extinguishment which, not legally well defined, produce, as subject to the same presumption of abandonment, the same extinctive effect and have the common

---

[1] 2 JOSÉ LUIS SANTAMARÍA, Comentarios al Código Civil 1012 (1958).

purpose of preventing that the rights remain indefinitely un-
certain, offer, as a distinguishing factor, that while prescription
is waivable, wherefore it may be taken into consideration only
when it is alleged, extinguishment operates by itself compelling
the trier to declare it de officio, as it has been declared, among
other judgments, in that of April 30, 1940 (Judgment of De-
cember 7, 1943). And the question not being a period of limita-
tion, properly speaking, but a preventive period or period of
extinguishment, the doctrine on the different modes of inter-
rupting the prescription of actions does not apply. (Judgment
of March 10, 1942.)

"Although it is true that the Civil Code does not provide
for proper distinction between extinguishment and prescription,
it is also true that the jurisprudential doctrine distinguishes
them, it being understood (Judgments of April 27, 1940 and
September 25, 1950) that when a specific period is prescribed
within which to assert the right, such period is a period of ex-
tinguishment, after which the right no longer exists and it
should so be held de officio, while prescription, on the contrary,
makes reference only to the contentions which the parties may
wish to raise, not to the rights which affect them, the latter
being interrupted only by the exception made thereto and which
is admissible only when the party expressly raises it. (Judg-
ment of July 5, 1957.)"

■ In the enumeration made by PUIG PEÑA in distin-
guishing extinguishment or abandonment from prescription,
he mentions, among other distinctions, that the purpose of the
extinguishment or abandonment is to fix in advance the time
during which only a right may be asserted, and that in the
abandonment, unlike prescription, there is no interruption
because the extinctive effect is radical and automatic; that
only the party may assert prescription, abandonment prevents
the accrual of the same right, and the judge renders it legal
ex officio.[2]

---

[2] 11-1 *Tratado de Derecho Civil Español* 453-55 (1958). Also,
1 ESPÍN CÁNOVAS, *Manual de Derecho Civil Español* 262 (1951);
II JORGE LLAMBÍAS, *Derecho Civil* 520-23 (1958); II ENNECCERUS, *Tratado
de Derecho Civil* 489-93 (1935).

 The American courts were also of the opinion that the one-year period for filing the liquid action for three times the overcharge collected under the federal rent legislation was part of the substantive cause of action, and one which our textwriters label period of extinguishment or abandonment. *Cf. Vargas* v. *Sánchez*, 79 P.R.R. 754.

The judgment appealed from will be affirmed also as respects this appeal.